# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2020

Lyle W. Cayce
Clerk

No. 19-30551
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHAD LIGHTFOOT,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:17-CR-274-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges
PER CURIAM:*

After a flood and a subsequent disaster declaration, Chad Lightfoot filed a claim with the Federal Emergency Management Agency (FEMA) asserting that his primary residence had been damaged. However, the house in question was not Lightfoot's primary residence. Lightfoot ultimately was convicted of a single count of fraud in connection with a major disaster or emergency benefits in violation of 18 U.S.C. § 1040. He was sentenced to 71 months of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30551

imprisonment, five years of supervised release, $23,684 in restitution, and a $10,000 fine.

On appeal, Lightfoot challenges the application of an enhancement for the use of sophisticated means. *See* U.S.S.G. § 2B1.1(b)(10). The determination that a defendant used sophisticated means is a factual finding reviewed for clear error. *See United States v. Miller*, 906 F.3d 373, 376-77 (5th Cir. 2018). We have affirmed this enhancement in cases involving "some method that made it more difficult for the offense to be detected, even if that method was not by itself particularly sophisticated." *United States v. Valdez*, 726 F.3d 684, 695 (5th Cir. 2013).

In support of his claim for benefits, Lightfoot obtained and presented an identification card listing his address as the subject property. To establish residency, he prepared a fake cable television bill for the address. Lightfoot filed a false police report claiming that the property had been looted. He obtained estimates for repairs and for replacement of items that allegedly had been destroyed or stolen. Finally, when a different FEMA inspector was sent, Lightfoot was defensive, verbally abusive, and claimed the "whole situation" had caused his wife to suffer a miscarriage; when the inspector decided to leave, he threatened to, and ultimately did, report the inspector to FEMA.

As Lightfoot argues, when examined individually, his actions may not appear particularly sophisticated. However, under a clear error standard, we will uphold a sophisticated means finding "so long as it is plausible in light of the record as a whole." *Miller*, 906 F.3d at 377. Accordingly, we conclude that his actions—taken as a whole—"made it more difficult for the offense to be detected." *Valdez*, 726 F.3d at 695. Therefore, the district court did not clearly err.

AFFIRMED.